EDWARD R. McGLYNN, TRUSTEE, &c., RESPONDENT, v. ALFRED J. ELLIS, APPELLANT.

Submitted July 9, 1923—Decided October 5, 1923.

On appeal from the Supreme Court in which the following *per curiam* was filed:

"This is a workmen's compensation case. The case was first heard by the workmen's compensation bureau of the department of labor. Compensation was awarded to the petitioner for the death of her husband at the rate of $6 per week for three hundred weeks. On appeal to the Cumberland County Court of Common Pleas, based exclusively on the transcript of the record and testimony, the judgment of the referee was affirmed. The *certiorari* is to review that judgment. On June 20th, 1921, the deceased was in the employ of the respondent. He was hired to cart in hay. He was standing on the load of hay on the wagon and fell to the ground, sustaining a ruptured bowel, which caused his death. Just what caused the fall is not clear. The facts are quite fully and satisfactorily set out and summarized, both by the referee, Charles E. Corbin, and by the judge of the Court of Common Pleas.

"The points made by the prosecutor are: *First*, the injury did not arise out of the employment; *second*, the employment was casual; *third*, the respondent is exempt from the Workmen's Compensation act; *fourth*, the award made is beyond the power of the act.

"We think there is no legal merit in any of these points. There is no need of any further discussion; they are fully covered in the opinion filed by Judge Logue in the Court of Common Pleas. The judgment of the Court of Common Pleas of Cumberland county is affirmed, with costs.

For the appellant, *Warren Dixon.*

For the respondent, *William F. Delaney.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.    11.

*For reversal*—None.